# NO. 12-21-00148-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ANTHONY LANCE WRIGHT,* *APPELLANT* | *§* | *APPEAL FROM THE 8TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | *§* | *RAINS COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Anthony Lance Wright appeals his conviction for aggravated assault with a deadly weapon. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Thereafter, Appellant filed a pro se brief. We affirm.

### BACKGROUND

Appellant was charged by indictment with aggravated assault with a deadly weapon. Pursuant to a plea bargain agreement, wherein the State recommended punishment be assessed at deferred adjudication community supervision for ten years, Appellant pleaded "guilty." After it admonished Appellant about his plea, the trial court took the matter under advisement and recessed proceedings to allow for the preparation of a pre-sentence investigation report (PSI). When proceedings reconvened, the trial court rejected the plea bargain agreement and offered Appellant the opportunity to withdraw his plea. Appellant declined to withdraw his "guilty" plea, reaffirmed his open "guilty" plea, and the matter proceeded to a trial on punishment.

At the punishment hearing, the State rested based solely on the information presented in the PSI. The defense called Appellant who testified on his own behalf. When the State declined to cross examine Appellant, the trial court elicited testimony from Appellant concerning his

recent, yet extensive criminal history leading up to the charges in the instant case. The trial court further discussed with Appellant the allegations to which he pleaded "guilty," which involved him striking his girlfriend with a space heater. Appellant's answers to this line of questioning suggested that the incident did not happen as the trial court suggested and that he could not recall the specifics of the allegations to which he pleaded "guilty."

Ultimately, the trial court found Appellant "guilty" as charged and sentenced him to imprisonment for fifteen years. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with ***Anders v. California*** and ***Gainous v. State***. Appellant's counsel states that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well acquainted with the facts in this case. In compliance with ***Anders***, ***Gainous***, and ***High v. State***, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[1]

Thereafter, Appellant filed a pro se brief in which he raised the following issues: (1) he received ineffective assistance of counsel at trial; (2) his fifteen-year sentence is disproportionate to the crime of which he was convicted with consideration given to sentences people with whom he is incarcerated received for the respective crimes for which they were convicted; (3) the trial judge, who Appellant asserts represented him in an unrelated matter, had a conflict of interest and was biased against him; and (4) his "guilty" plea was not made freely and voluntarily. We reviewed the record for reversible error and found none. *See **Bledsoe v. State***, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

### CONCLUSION

As required by ***Stafford v. State***, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also **In re Schulman***, 252 S.W.3d 403, 407 (Tex.

---

[1] In compliance with ***Kelly v. State***, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See **Kelly v. State***, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby ***granted*** and the appeal is ***affirmed***.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the date that the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered July 29, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 29, 2022**

**NO. 12-21-00148-CR**

**ANTHONY LANCE WRIGHT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 8th District Court

of Rains County, Texas (Tr.Ct.No. 6114)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*